UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THEODORE R. LUCAS,<br><br>    Plaintiff,<br><br>    v.<br><br>MARGARET SPELLINGS,<br>Secretary, U.S. Department of Education.<br><br>    Defendant. | Civil Action No.  01-2393 (JMF) |

MEMORANDUM OPINION

By my order of September 25, 2004, I ordered the counsel for the plaintiff, John Karl ("Karl") and Nancy Malir ("Malir"), to show cause why they should not sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure.

In response, Malir submitted a declaration in which she attested that her sole functions in the preparation of the documents at issue were: (1) to prepare a preliminary version of Plaintiff's Statement of Material Facts, that Karl edited; (2) to complete what she calls "non-substantive editing of the final drafts of Plaintiff's Statement of Material Facts and the Opposition Memorandum;"[1] (3) at Karl's direction, to sign his name and her own to the documents before they were filed. Plaintiff's Co-Counsel Nancy J. Malir's Response to the Court's Order to Show Cause ("Malir's Response") at 2-4.  She attests that she only read the entire Opposition Memorandum just before she filed it. Malir's Response at 2.

---

[1] I.e., Plaintiff's Oppositon to Defendant's Motion for Summary Judgment.

Karl has now affirmed that Malir's only role was to "make final stylistic edits " to the documents submitted. <u>Response to Order to Show Cause</u> at 15, quoting Declaration of John Karl, ¶ 18.  It therefore appears that the statements at issue occur in documents that Karl drafted and Malir proofread.

As to Malir's involvement, I will order that my show cause order is discharged as to her, hoping that she now realizes that Rule 11 impose its obligations upon any lawyer who signs a "pleading, written motion or other paper" and that by her signature, Malir made the certifications contained in subsections (b)(1)-(4) of that rule, irrespective of her actual role.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: