## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**THEODORE R. LUCAS,**

     **Plaintiff,**

     **v.**

**ROD PAIGE,**
**in his official capacity as Secretary,**
     **U.S. DEPARTMENT OF EDUCATION**

     **Defendant.**

**Civil Action No.  01-2393 (JMF)**

## MEMORANDUM OPINION

I have sanctioned counsel and referred him to the Committee on Grievances for making factual contentions in the opposition he filed to the defendant's motion for summary judgment, which I concluded were violations of counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. Lucas v. Spellings, 408 F. Supp. 2d 8 (D.D.C. 2006).

Pursuant to 28 U.S.C. § 455,[1] I am required to recuse myself when a reasonably objective person would question my impartiality to proceed.  The Supreme Court has indicated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 554 (1994).  See SEC v. Loving Spirit Found., Inc., 392 F.3d 486, 493 (D.C. Cir. 2004) ('[J]udicial rulings . . . virtually never provide a basis for recusal. Indeed, we have found no case where this or any other federal court recused a judge based only

---

[1] The reference to the United States Code is to the electronic version that appears in Westlaw and Lexis.

on his or her rulings."); United States. v. Roach, 108 F.3d 1477, 1483-84 (D.C.Cir. 1997) (same;

"strongly stated judicial views rooted in the record should not be confused with judicial bias");

Meng v. Schwartz, 97 F. Supp. 2d 56, 59 (D.D.C. 2000).  Hence, "opinions formed by the judge

on the basis or facts or events occurring in the course of the current proceedings . . . do not

constitute a basis for a bias or partiality motion unless they display a deep-seated . . . antagonism

that would make fair judgment impossible." Id.  Thus, "judicial remarks . . . disapproving of

counsel . . . ordinarily do not support a bias or partiality challenge." Liteky, 510 U.S. at 554.

They will do so only if, whatever their source, "they reveal such a high degree of favoritism or

antagonism as to make fair judgment impossible." Id.

As is obvious, my rulings as to counsel's derelictions were based entirely on my review

of the record and, because they are, I can only recuse myself if I determine that this is one of

those truly remarkable cases where I should nevertheless recuse myself even though my rulings

were based on the record.  While it is impossible for any human being to consider himself with

perfect objectivity, I can see nothing about my rulings that would suggest to a reasonable person

that I would be unable to preside over this matter fairly or that I harbor any antagonism against

either plaintiff or his counsel that would prevent me from judging this case fairly.  In contrast to

those rare cases where judges have been condemned for not recusing themselves, see United

States v. Microsoft Corp., 253 F.3d 34, 115 (D.C. Cir. 2001) (holding that interviews with the

press while case was pending required recusal but noting that "it would be extraordinary to

disqualify a judge for bias or appearance of partiality when his remarks arguably reflected what

he learned, or what he thought he learned, during the proceedings"); United States v. Antar, 53

F.3d 568 (3d Cir. 1995); United States v. Jordan, 49 F.3d 152 (5th Cir. 1995); In re IBM Corp.,

45 F.3d 641 (2d Cir. 1995).  I therefore will not recuse myself at this time.


 

 

_____

JOHN M. FACCIOLA

Dated:                                  UNITED STATES MAGISTRATE JUDGE